UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS GALEANA, | ) | Civil No.12cv00986 AJB (WMC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| v. | ) | |
| | ) | [Doc. No. 2] |
| SHAWN BAGBY, | ) | |
| | ) | |
| Defendant. | ) | |

On April 20, 2012, the Plaintiff, Carlos Galeana, filed a motion to proceed in forma pauperis. [Doc. No. 2.] Plaintiff submitted a declaration in support of the request to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(a)(1) and Local Rule 3.2(a).

"[P]ermission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948). An applicant must state facts as to the affiant's poverty with some particularity, definiteness and certainty. *Jefferson v. U.S.*, 277 F.2d 723 (9th Cir. 1960). Upon review of the Plaintiff's declaration, the Court finds that the Plaintiff has failed to account for the discrepancy between his claimed income and expenses set forth in his declaration. According to the Plaintiff's declaration, his monthly expenses total $1110.00 with $2200.00 of additional debts and financial obligations, however, the Plaintiff states that

1 his take-home pay is only $700.00 per month. [Doc. No. 2, at 1-1.] Given this discrepancy, the Court
2 finds that there is a possibility that the Plaintiff may be receiving financial assistance from a spouse,
3 parent, adult sibling or other person.  If that is the case, any amounts paid to Plaintiff should be
4 disclosed in a supplemental declaration as this income may well be relevant to the Court's determination
5 of whether Plaintiff is entitled to *in forma pauperis* status.  *See, e.g., Monti v. McKeon*, 600 F.Supp. 112,
6 114 (D. Conn.1984) ("in ruling on motions to proceed in forma pauperis, . . . courts have considered the
7 income of interested persons, such as spouses and parents, in evaluating the funds available to the
8 movant."); *Fridman v. City of New York*, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an
9 application to proceed in forma pauperis, a court may consider the resources that the applicant has or
10 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a
11 spouse, parent, adult sibling or other next friend.'")

12 The Plaintiff is charged with income to which he has access, such as a spouse's income or other
13 household income, when determining applications to proceed in forma pauperis. *United States v. Marty*,
14 2010 U.S. Dist. LEXIS 2783 (E.D. Cal. 2010) (citing *Monti v. McKeon*, 600 F. Supp. 112, 114 (D.
15 Conn. 1984) ("in ruling on motions to proceed *in forma pauperis*, . . . courts have considered the income
16 of interested persons, such as spouses and parents, in evaluating the funds available to the movant . . . If
17 plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it
18 follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."))

19 Accordingly, should Plaintiff have undocumented financial support, he is directed to file a
20 supplemental declaration under oath containing information regarding the apparent discrepancy and
21 whether he is supported by other income, an accounting of his individual monthly expenses, and an
22 accounting of his individual income over the past twelve months.  If Plaintiff fails to file a further
23 declaration, or if his declaration does not provide the requested information, the Plaintiff will be
24 required to pay the filing fee for this action in accordance with 28 U.S.C. § 1914.
25 ///
26 ///
27 ///
28

1  Based upon the foregoing, the Plaintiff's motion to proceed in forma pauperis is **DENIED**
2 without prejudice. The Plaintiff must file a supplemental declaration containing additional documenta-
3 tion regarding the Plaintiff's economic status as set forth above within 14 days of the date of this Order
4 or pay the $350 filing fee required to maintain this action pursuant to 28 U.S.C. § 1914.

5  IT IS SO ORDERED.

7 DATED: May 1, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge